February, 19th, 1816.
Judge Roane
pronounced the. court’s opinion.
The court is of opinion, that, by the general principles of law, a factor or agent is bound to pursue the lawful instructions of his principal; and that, by his agent, a principal can do any act, in relation to the subject delegated, which he might lawfully do by himself. The court is farther of opinion that, in case of a sale of personal property not executed by delivery, and to be consummated by a delivery at another place, although in consequence of earnest paid, or otherwise, !h” properly is so vested in the vendee, that, on complying or offering to comply with the contract on his part, he may recover the same from the vendor, or his agent; yet ihai, until delivery, and while the goods are, in legal phrase, in transitu the seller mny, on the vendee’s becoming bankrupt, or being likely to become so, arrest the goods, or order his agent to arrest them ; which order operating as an indemnity to the agent, in addition lo that arising from his possession of the goods, will be his guarantee for refusing to deliver them ; and that the agent would also have a right, perhaps, under circumstances, to demand other security from his principal, which it would be incumbent on him forthwdh to give, under pain of a right in the agent to go on, and execute the contract by a delivery.
*38 Under the influehce of these principles, the court is oí’ opinion, that it was the duty of the appellants to have complied w'ith the order of the appellees in this case, by refusing to deliver the tobacco to John Cotvpcr & Co., which is stated and ref;erred to in the case agreed.
The court is farther of opinion, that the appellants not having done this, but, on the contrary, having violated the said order by a delivery of the tobacco to Cotvpcr & Co., they were liable to the action of the appellees, in the event of Comper’s insolvency, to make them reparation in damages; which right of action, however, might he waived and abandoned by the appellees, after a full and fair disclosure of all facts and circumstances necessary for their decision upon the subject, which it was the duty and in the power of the appellants to have given. The court, referring to the facts agreed in the case in relation to this point, is of opinion that, although, standing singly, there may be some expressions, seeming to import an agreement by the appellees to look to Cotvpcr & Co., and not to the appellants, for payment, used in their letters written after the delivery of the tobacco by the appellants to Cotvpcr & Co.; and although a considerable time elapsed before the appellees stated, categorically, to the appellants, that they should look to them, and not to Comper & Co. for satisfaction; these circumstances are not strong enough to induce the court to infer such waiver and abandonment in the present instance.
The case states that, at the time of the delivery of the tobacco, John Comper & Co. were “ in fact insolvent, though this “ was not then certainly known to the appellants.” Although this was not certainly known to them, we are authorized to infer from the case, that the appellants had, on the Gth, (when the tobacco was delivered,) good reason to believe that such insolvency existed; and if so, while it formed an additional’reason for the appellants to decline a delivery of the tobacco, they ought also, even then, to have given this information to the appellees. This is a stronger degree of evidence, in relation to a bankruptcy, than a mere protest of bills, which may happen sometimes to men of the best mercantile credit. The last circumstance, however, only, and not the other and stronger evidence from which the appellants knew, though they did not certainly know, that Camper & Co. were then insolvent, was comma* *39 ..heated by the appellants to the appellees; and that, too, accompanied by some expressions indicating a hope that Com-per's affaire might noí be so bail a3 was apprehended. It was under this degree of info-mil ion that the appellees acted in using the expressions now referred !o„ But, at any rate, after the 8 th of September, when it is agreed that Comper & Co’s, insolvency was ascertained, and that they had stopped payment ¡, it was the duty of the appellants to have given instant information thereof to the appellees. For want of such information, and from the character of the appellants’ letters, the appellees may have been lured into a belief that they might get payment from Conipir & Co. Hence the expressions in their letters now referred to may have arisen; and hence, also, the delay in stating to the appellants tiiai they looked only to them in this business. Both this delay, anil these expressions, may therefore have arisen from the conduct of the appellants, in withholding or palliating the actual circumstances of the case; and therefore ought not to avail them in. the present instance, '.’here has not been such a prompt, frank, and explicit communication on their part, as should, on the ground of these expressions and this delay, absolve them from a right of action which had previously attached against them.
On these grounds, the court is of opinion to affirm the jndgment.